# IN THE COURT OF APPEALS OF IOWA

No. 18-1509
Filed October 24, 2018

**IN THE INTEREST OF T.B.,**
**Minor Child,**

**M.U., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Washington County, Daniel P. Kitchen, District Associate Judge.

        A mother appeals the district court order placing custody of her child with her biological father. **AFFIRMED.**

        John G. Daufeldt of Daufeldt Law Firm, PLC, Conroy, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Kathryn J. Salazar of Schlegel & Salazar, LLP, Washington, guardian ad litem for minor child.

        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals the dispositional review order placing T.B. in the care and custody of her biological father. The mother argues the district court did not have jurisdiction to modify the disposition while an appeal contesting T.B.'s removal was pending.

**I. Background Facts and Proceedings.**

T.B. was adjudicated a child in need of assistance (CINA) in January 2017. The facts of the underlying CINA case are recounted in *In re T.B.*, No. 18-0767, 2018 WL 4929737, at* 1–3 (Iowa Ct. App. Oct. 10, 2018). T.B. and sibling M.M.[1] were removed from their mother's care in March 2018 after the Iowa Department of Human Services (DHS) filed an application for emergency removal. In April, the district court modified the dispositional order, continuing T.B.'s placement outside the home and transferring custody of T.B. to DHS. The mother appealed the modification of the dispositional order. We affirmed the decision of the district court in a decision filed on October 10. During the pendency of the appeal, on August 20, the district court granted the father custody of T.B. Prior to the modification in custody, the father had been exercising "unlimited" parenting time and overnight visitations with T.B.

The mother appeals the order placing T.B. in her father's custody, arguing the district court lacked jurisdiction to modify the disposition while the appeal was pending.

---

[1] Custody of M.M. remains with DHS. The child has a different biological father.

**II. Standard of Review.**

We review CINA proceedings de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

**III. Discussion.**

"The general rule is that the trial court loses jurisdiction over the merits of the controversy when an appeal is perfected." *In re B.L.*, 470 N.W.2d 343, 347 (Iowa 1991). However, a trial court can "retain jurisdiction to proceed on collateral issues not affecting the subject matter of the appeal." *Id.* The Iowa Code provides additional insight into the matter:

> The pendency of an appeal or application therefor shall not suspend the order of the juvenile court regarding a child and shall not discharge the child from the custody of the court or the agency, association, facility, institution or person to whom the court has transferred legal custody unless the appellate court otherwise orders on application of an appellant.

Iowa Code § 232.133(3) (2018).

In *In re B.L.*, the court held, "[M]atters that are not directly involved in the appeal may be dealt with by the juvenile court during the appeal process." 470 N.W.2d at 347. In that case, the juvenile court retained jurisdiction to request status reports and an in-court review while the mother appealed whether the child could be placed with the father under section 232.101. *Id.*

In *In re E.H.*, No. 02-1558, 2003 WL 21458967, at *1 (Iowa Ct. App. June 25, 2003), a father appealed the adjudication of his children as CINA, arguing there was insufficient evidence. While the appeal was pending, he filed a motion to reopen the juvenile court record to contest testimony given at the adjudicatory hearing. *Id.* Our court held the district court did not retain jurisdiction over the

issue of whether certain evidence should have been allowed in the adjudicatory hearing because it was the same matter directly involved in the appeal: the sufficiency of the evidence for adjudication. *Id.*; *see also In re M.M.T.*, No. 12-0519, 2015 WL 1612564, at *4 (Iowa Ct. App. May 9, 2012) (holding the juvenile court lost jurisdiction over a father's motion for a new termination hearing once the father appealed the termination order).

Here, the mother's pending issue on appeal was whether her children should have been removed from her care and custody. She argued the State failed to prove by substantial evidence that imminent risk, which warranted emergency removal of the children from her care, existed and did not prove a material and substantial change in circumstances warranting a change in disposition. During the pendency of the appeal, the district court decided the collateral issue of to whom custody of T.B. would be transferred. *See In re M.B.*, No. 02-1229, 2002 WL 31315582, at *2 (Iowa Ct. App. Oct. 16, 2002) (holding the district court retained jurisdiction over a second termination petition while an initial termination petition was pending on appeal when the "merits, issues, and factual bases of the first and second termination petitions were distinct").

We hold the district court retained jurisdiction to determine where T.B. would be placed during the mother's appeal regarding whether T.B. should have been removed.

**AFFIRMED.**